UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL FITZGERALD HUBBARD,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, THE SEVENTH JDC OF THE STATE OF IDAHO, LOU G. HARRIS, and RANDOLPH B. NEAL, prosecuting attorneys of Bonneville County,<br><br>Defendants. | Case No. 1:26-cv-00721-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Michael Hubbard's civil rights complaint was conditionally filed due to his request for in forma pauperis status. Dkts. 2, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915.

## BACKGROUND

Plaintiff is a citizen of Minnesota. He asserts that he was traveling through Idaho and detained in an Idaho mental health hospital in violation of his civil rights. He asserts various claims against the state of Idaho, the Idaho Department of Health and Welfare, the

Seventh Judicial District Court of the state of Idaho, and the two prosecuting attorneys who filed an involuntary confinement action in state court. Plaintiff asks the Court to "move his state court case to the US Federal Court by way of Writ of Mandamus." Dkt. 2 at 6.

The relevant circumstances began on September 28, 2026, when Jefferson County Sheriff's officer Corporal McRae responded to a 911 call that Plaintiff made from the parking lot of the Sage Port of Entry on Interstate 15 in eastern Idaho. The dispatch officer advised him that Plaintiff had some serious medical issues and had reported that all of his electronics had been compromised by government officials.

When McRae reached Plaintiff, he found him vomiting a black substance. Plaintiff told McRae that people had been following him for days, and his phones had been cloned and compromised. McRae telephoned Plaintiff's ex-wife, who said that Plaintiff had been committed to a mental health facility in Minnesota for a time but had been released approximately one year earlier. His ex-wife said he had stopped taking his medication and had been spiraling for the last three months. McRae decided to place a 24-hour welfare hold on Plaintiff, and asked him if officers could drive him to the hospital in Plaintiff's Jeep. Plaintiff refused to go to the hospital, at which time officer McRae detained him and transported him to the Eastern Idaho Regional Medical Center (EIRMC).

Prosecutors Randolph Neal and Lou Harris filed a "Petition for Detention Pending Commitment Proceedings Pursuant to I.C. § 66-326" in the Seventh judicial District Court of the state of Idaho in Bonneville County. Dkt. 2 at 11. Judge John C. Dewey entered an order appointing a designated examiner to evaluate Plaintiff and report whether he was mentally ill and likely to harm himself or others or was gravely disabled due to mental

illness, pursuant to I.C. § 66-326(3). *Id*. at 19-20. Plaintiff was appointed an attorney from the state public defender's office. *Id*. at 20.

Designated junior examiner Marcy J. Sprague, LCPC, examined Plaintiff on September 29, 2026, and determined that he was mentally ill and gravely disabled. *Id*. at 10. On that same day, Harris filed a "Application for the Involuntary Care and Treatment of a Mentally Ill Person Pursuant to I.C. § 66-329," based on McRae's and Sprague's conclusions. *Id*. at 11-12.

After senior examiner Sharon Fritz, PhD, evaluated Plaintiff, she agreed with Sprague's conclusions.. *Id*. at 13, 22. The prosecutors filed an "Application for the Involuntary Care and Treatment of a Mentally Ill Person Pursuant to I.C. § 329," seeking to have Plaintiff committed to mental health care for a time period of up to one year. *Id*. at 13-15. Magistrate Judge Walker held a hearing one day later, on October 6, 2026, and the Application was granted. *See* Dkt. 2 at 16.

It is unclear whether Plaintiff is still being held. Dr. Fritz noted that "[i]nformation collected from daughter, Nora, indicates that patient has a long history of experiencing delusional, paranoid thinking that impacts his functioning. She confirmed much of his thought process was delusional. She supported longer time in the hospital to stabilize, especially since he will be traveling once he is discharged." Dkt. 2 at 22.

**REVIEW OF MANDAMUS REQUEST**

Plaintiff seeks a writ of mandamus. This is the wrong procedural vehicle for the substance of his claims. Title 28 U.S.C. § 1361, the mandamus statute, is an extraordinary remedy which is available to compel a *federal* officer, employee or agency to perform a

duty. *See, e.g., Lazli v. U.S. Citizenship & Immigr. Servs.*, No. 05-CV-1680-BR, 2007 WL 496351, at *8 (D. Or. Feb. 12, 2007). Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161–62 (9th Cir.), *cert. denied*, 498 U.S. 1123 (1991).

**REVIEW OF CLAIMS CHALLENGING CUSTODY**

Claims challenging the validity of confinement of civil detainees are matters of habeas corpus relief under 28 U.S.C. § 2241. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). The Court construes this action under § 2241. He has named a proper custodian, the prosecutors of Bonneville County. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The other defendants are not proper respondents and will be dismissed. *See id*.

A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). That means Plaintiff must first present his *federal* claims regarding his allegedly illegal state custody to the state district court and then on appeal through the level of the Idaho Supreme Court.

The exhaustion requirement has a very limited exception. A federal district court may issue writ under § 2241 without a showing of exhaustion of state remedies only if a petitioner can show "special circumstances" that particularly warrant federal intervention. *Id*. at 83-84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith

without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, it is clear there was probable cause for Officer McRae to detain Plaintiff. McRae, Harris, and Neal acted promptly to petition the state court to detain Plaintiff. Two mental health professionals have deemed Plaintiff's mental health condition sufficiently serious to continue detention. In short, there is nothing in the record that would support "special circumstances" to entertain a § 2241 petition at this time. Petitioner's § 2241 petition will be dismissed without prejudice to him challenging his detention in the Idaho state court system, including the Idaho Supreme Court.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.
2. Plaintiff's request for issuance of a writ of mandamus (Dkt. 2) is DENIED.
3. Plaintiff's Complaint, construed as a § 2241 habeas corpus petition (Dkt. 2), is DISMISSED without prejudice.

DATED: November 17, 2026

David C. Nye
U.S. District Court Judge